LATHAM & WATKINS LLP
   Daniel M. Wall (SBN 102580)
   Christopher S. Yates (SBN 161273)
   Aaron T. Chiu (SBN 287788)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600
Facsimile: 415.395.8095
Email: Dan.Wall@lw.com
       Chris.Yates@lw.com
       Aaron.Chiu@lw.com

Attorneys for Defendant
Fédération Internationale de Natation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS A. SHIELDS, ET AL,<br><br>    Plaintiffs,<br><br>vs.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>    Defendant. | CASE NO. 3:18-cv-07393-JSC<br>CASE NO. 3:18-cv-07394-JSC<br><br>**FÉDÉRATION INTERNATIONALE DE NATATION'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS AND DEPOSITION TRANSCRIPTS FILED IN SUPPORT OF SUPPLEMENTAL BRIEF RE: JURISDICTION** |
| INTERNATIONAL SWIMMING LEAGUE, LTD.,<br><br>    Plaintiff,<br><br>vs.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>    Defendant. | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FINA'S ADMIN. MOTION TO SEAL
CASE NO. 3:18-CV-07393-JSC
CASE NO. 3:18-CV-07394-JSC

## I. INTRODUCTION

Defendant Fédération Internationale de Natation ("FINA") hereby submits this Administrative Motion to seal the supporting documents and deposition transcripts filed in support of its Supplemental Brief re: Jurisdiction, and requests that the Court maintain under seal the documents and transcripts that FINA has designated as confidential.

FINA recognizes and acknowledges that certain of the materials produced as part of the Court-ordered jurisdictional discovery that it has designated confidential likely would not satisfy the normal "compelling reason" standard for sealing. However, the parties remain in the midst of litigating the threshold issue of whether, as a matter of due process, the Court can exercise personal jurisdiction over FINA for this case to proceed. FINA, however, already finds itself in the unique position of having produced thousands of pages of sensitive, internal documents and communications. Putting these documents and evidence into this Court's public record prior to a determination on jurisdiction would subject FINA to the very due process harm that the doctrine of personal jurisdiction intends to avoid. *See J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 884 (2011) ("Personal jurisdiction, of course, restricts judicial power not as a matter of sovereignty, but as a matter of individual liberty, for due process protects the individual's right to be subject only to lawful power." (citations and internal quotation marks omitted)). This would amount to an irreversible due process harm to FINA if the Court ultimately decides that it lacks jurisdiction over FINA.

There is no existing public or "due process" right to access these materials, particularly before a determination is made regarding whether, as a matter of due process, this Court can even exercise personal jurisdiction over FINA. And Plaintiffs' continued suggestion that "FINA's fear that … [ISL] allegedly intends to use the records in other litigation" is irrelevant given the public's supposed "presumptive right" to access documents obtained solely for the purposes of deciding jurisdiction only reinforces FINA's concern that ISL has engaged in efforts to manufacture jurisdiction here to obtain discovery it otherwise would not be able to obtain in foreign proceedings.[1]

---

[1] *Shields*, Dkt. 54 at 2; *ISL*, Dkt. 66 at 2.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

FINA'S ADMIN. MOTION TO SEAL
CASE NO. 3:18-CV-07393-JSC
CASE NO. 3:18-CV-07394-JSC

It is these overarching concerns that underlie FINA's confidentiality designations.  FINA respectfully requests that the Court maintain under seal the documents and evidence produced as part of this jurisdictional discovery process until a decision is made on jurisdiction.

## II.     DISCUSSION

Limits on personal jurisdiction exist to prevent due process harms by a forum with which the defendant "has established no meaningful contacts, ties or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations omitted); *see also Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant."). We remain in the midst of litigating whether this Court has personal jurisdiction over FINA.  If and until the Court finds that such a meaningful relationship between FINA and this forum exists, actions by this Court threaten the exact types of due process harms that limits on personal jurisdiction seek to prevent. *See Walden*, 571 U.S. at 286 ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts … with other persons affiliated with the State." (quoting *Burger King*, 471 U.S. at 475)).  Requiring FINA to publish its sensitive, internal documents and testimony before the Court determines jurisdiction would effectively subject FINA to the exact legal process that it currently challenges. To the extent jurisdiction is found to be lacking, the resulting due process harm to FINA from disclosure of its documents and testimony would be irreparable.  The law recognizes the need for confidentiality to prevent harm. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.").  Here, the balance of interests weighs against disclosure of FINA's documents and evidence.

*First*, FINA's due process interests outweigh any competing interest in disclosure of documents and testimony at this stage of the case.  While FINA recognizes that this Court values the public's right to information, that right must necessarily come second to FINA's due process right to be properly subject to the jurisdiction of a U.S. court before its internal communications

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

FINA'S ADMIN. MOTION TO SEAL
CASE NO. 3:18-CV-07393-JSC
CASE NO. 3:18-CV-07394-JSC

1  and testimony are published to the world.  Jurisdictional discovery is a tool for *courts* to assist in

2  that important determination, and the fruits of that discovery should not be disclosed to the broader

3  public until that determination is made.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d

4  1172, 1181 (9th Cir. 2006) ("[T]he court must conscientiously balance the competing interests of

5  the public and the party who seeks to keep certain judicial records secret.") (brackets and internal

6  quotation marks omitted).  Plaintiffs seemingly ignore this due process right[2] and have supplied

7  no authority for proposition that the American public has an interest in the private documents of

8  entities in the absence of a judicial determination on jurisdiction.[3]

9       *Second*, FINA is a foreign entity that maintains it is not under the jurisdiction of any U.S.

10 court.  Courts are rightfully cautious of "subject[ing] a foreign entity" to the harms that stem from

11 discovery.  *Azco Biotech Inc. v. Qiagen, N.V.*, No. 12-CV-2599-BEN DHB, 2013 WL 4500782, at

12 *8 (S.D. Cal. Aug. 20, 2013); *see also Salas v. Facultatieve Techns. the America's Inc.*, No. 1:17-

13 cv-00335-LJO-BAM, 2018 WL 2010522, at *3–4 (E.D. Cal. April 30, 2018) ("[F]oreign nationals

14 usually should not be subjected to extensive discovery in order to determine whether personal

15 jurisdiction over them exists."); *David Peyser Sportswear, Inc. v. Spectrum Brands, Inc.*, No. C09-

16 169RAJ, 2010 WL 11583178, at *4 (W.D. Wash. Jan. 27, 2010).  Until jurisdiction is found to

17 exist, certain precautions should be taken not to subject a foreign entity like FINA to the

18 externalities stemming from this litigation.  This is especially true where a defendant is subject to

19 the laws of a judicial system that does not provide for the type of sprawling discovery that is

20 allowed through the civil discovery process in the United States.  *See* Declaration of Jean-Pierre

21 Morand in Supp. of Admin. Mot. to Seal ("Morand Decl.") ¶¶ 6, 7, 9.  Plaintiffs' only support for

22 the contention that there is a public interest in unsealing jurisdictional discovery involves a

---

[2] *See ISL*, Dkt. 66, 73; *Shields*, Dkt. 54, 61.

[3] Plaintiffs' Reply Regarding its Administrative Motion to File Documents Under Seal (*ISL* Dkt. 73, *Shields* Dkt. 61) is procedurally improper under L.R. 79-5 or 7-11 and therefore the arguments made in that Reply should be ignored. Indeed, its filing only underscores that Plaintiffs' zealous efforts to ensure that FINA's jurisdictional discovery is publicized before this Court has even determined the threshold question of personal jurisdiction are not actually motivated by a desire to vindicate the public's First Amendment and an otherwise non-existent "due process" rights.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

FINA'S ADMIN. MOTION TO SEAL
CASE NO. 3:18-CV-07393-JSC
CASE NO. 3:18-CV-07394-JSC

1   domestic defendant and does not implicate the sovereignty concerns FINA raises here.  *See Brice*
2   *v. Plain Green, LLC*, 372 F. Supp. 3d 955, 987 (N.D. Cal. 2019) (defendant domiciled in Texas).

3       *Third*, while recognizing that the Court required more information to assist in its jurisdictional inquiry, the discovery produced by FINA has been extensive and extended to the merits of this case.  Jurisdictional discovery is normally a tool that is purposefully narrow in both scope and method.  *See, e.g.*, *Cram v. Elec. Data Sys. Corp.*, No. CIV 07CV1842-LAB NLS, 2008 WL 115438, at *2 (S.D. Cal. Jan. 8, 2008) ("[T]he Court shall limit not only the scope and duration of jurisdictional discovery, but also shall restrict the discovery method to the use of interrogatories only, in the interest of judicial economy and in an effort to lessen the burden that this discovery may place on the parties."); *Churchill v. Trinity Universal Ins*. Co., No. CV 08-99-M-DWM, 2009 WL 10690378, at *4 (D. Mont. Nov. 20, 2009) (limiting jurisdictional discovery to "determining who the appropriate Defendants are for this action" and entering a protective order to block discovery of other information); *Intuit Inc. v. H&R Block E. Enterprises, Inc.*, No. C-06-02327RMW, 2006 WL 2504936, at *2 (N.D. Cal. Aug. 29, 2006) ("Discovery is limited only to personal jurisdiction questions.").  Plaintiffs, however, have pushed this process beyond those traditional limits, and FINA has consequently produced thousands of documents—many of which relate to topics beyond the Court's narrow jurisdictional question.  *Cf. Petzilla, Inc. v. Anser Innovation LLC*, No. C-14-1354 EMC, 2014 WL 12705567, at *2 (N.D. Cal. May 20, 2014) (restricting volume and scope of jurisdictional discovery).  Because the discovery Plaintiffs obtained touches not only jurisdictional issues but the merits, the risk of harm and due process concerns from disclosure prior to a jurisdictional determination is particularly great, and the presumption in favor of disclosure is particularly weak.

23      *Fourth*, Plaintiffs have signaled that they intend to cause precisely the type of harm FINA seeks to prevent.  Plaintiffs repeated focus on and citation to European antitrust proceedings only solidifies FINA's belief that they intend to use the American discovery process to obtain access to documents and information from FINA that would allow them to seek legal redress in those European forums.  *See* Morand Decl. ¶ 8.  Plaintiffs have now effectively obtained discovery from this Court that could not be obtained through those forums.  *See id.* ¶¶ 6–7, 9.  Plaintiffs'

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

FINA'S ADMIN. MOTION TO SEAL
CASE NO. 3:18-CV-07393-JSC
CASE NO. 3:18-CV-07394-JSC

unwillingness to agree to "use [the discovery] for the purposes of this litigation" makes this intent clear. Oct. 10, 2019 Hr'g Tr. at 16:15. And their latest contention that these fears are "irrelevant" further confirms that. Far from being far-fetched or theoretical, FINA's fears are directly corroborated by Plaintiffs' repeated arguments and attempts to lift the confidentiality of these documents and evidence. This concern goes directly to FINA's interests, which is what the Court must consider in making its determination. *See Kamakana,* 447 F.3d at 1179.

*Fifth*, Plaintiffs' tactics, if allowed, risk turning the American jurisdictional discovery process into a "first stop" for all foreign litigation, regardless of the intention to litigate the dispute in the United States. Permitting Plaintiffs to gather otherwise unobtainable information—before jurisdiction in a U.S. court is even determined—and then use that information however they wish, including in foreign litigation, risks driving more foreign plaintiffs into U.S. courts, regardless of whether there is any good faith basis to assert that jurisdiction exists.

\*   \*   \*

The unsealing of any documents or deposition transcripts at this stage of the litigation—before jurisdiction has been found over FINA—presents a substantial risk of irreparable harm to FINA, particularly if the Court ultimately decides the jurisdiction is lacking. Yet there is no appreciable corresponding harm to a non-existent public "right" to these materials. Accordingly, FINA respectfully requests that these documents and deposition transcripts remain sealed at the very least until the Court renders a decision on jurisdiction.

Dated:  November 21, 2019

Respectfully submitted,

LATHAM & WATKINS LLP
   Daniel M. Wall
   Christopher S. Yates
   Aaron T. Chiu

By /s/ Aaron T. Chiu
   Aaron T. Chiu

Attorneys for Defendant
Fédération Internationale de Natation

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

FINA'S ADMIN. MOTION TO SEAL
CASE NO. 3:18-CV-07393-JSC
CASE NO. 3:18-CV-07394-JSC