# EXHIBIT R

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

INTERNATIONAL SWIMMING LEAGUE, LTD., )
    *Plaintiff* )
v. )  Civil Action No. 3:18-CV-7394-JSC
FEDERATION INTERNATIONALE DE )
NATATION, )
    *Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Wasserman Media Group, LLC (Wasserman)
10960 Wilshire Blvd., Suite 2200, Los Angeles, CA 90024

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A

| Place: J.J. Photocopy Services, Inc.<br>1545 Wilshire Blvd., Suite 300<br>Los Angeles, CA 90017<br>Tel: (213) 484-2282 | Date and Time:<br>May 28, 2020 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 28, 2020

    *CLERK OF COURT*
                                                   OR

    _____    /s/ Hilary C. Krase
    *Signature of Clerk or Deputy Clerk*    *Attorney's signature*
                                               Hilary C. Krase

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff International Swimming League, Ltd. , who issues or requests this subpoena, are:
Hilary C. Krase / hkrase@fbm.com / 415-954-4488
Farella Braun + Martel LLP / 235 Montgomery Street, 17th Floor / San Francisco, CA 9410



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:18-CV-7394-JSC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



Case 3:18-cv-07394-JSC   Document 171-23   Filed 08/27/20   Page 5 of 13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---


American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT A

1. "DOCUMENT(S)" means any document or thing as defined in Rule 34(a) of the Federal Rule of Civil Procedure and "writing and recording" as defined in Rule 1001(1) of the Federal Rules of Evidence, including without limitation electronic documents and information in any form in which it may exist. DOCUMENTS necessarily includes all recordings of any type of any form of interpersonal communication, including but not limited to any transmission, conveyance, or exchange of word, statement, fact, thing, idea, document, instrument, data, or information by any medium, whether written, verbal, non-verbal, or any other means, including but not limited to electronic communications, electronic mail, text messages, and any communications created, stored, or exchanged via any type of application available on and accessed via mobile devices.

2. "COMMUNICATION(S)" means any form of interpersonal communication, including but not limited to any transmission, conveyance, or exchange of word, statement, fact, thing, idea, document, instrument, data, notes or memoranda of any meetings or conversations, or information by any medium, whether written, verbal, non-verbal, or any other means, including but not limited to electronic communications, electronic mail, text messages, and any communications created, stored, or exchanged via any type of application available on and accessed via mobile devices. COMMUNICATION(S) also means any DOCUMENT(S) transmitted by, attached to, or referenced in any COMMUNICATION.

3. "ISL" means or refers to International Swimming League, Energy Standard Group, Konstantin Grigorishin, or any of their predecessors, successors, parents, subsidiaries, affiliates, officers, employees, agents, consultants, attorneys, and anyone else who you understood to be acting on their behalf.

4. "YOU" means or refers to Wasserman Media Group, LLC or Wasserman, or its predecessors, successors, parents, subsidiaries, affiliates, officers, employees, agents, consultants, attorneys, and anyone else who you understood to be acting on its behalf.

2

5. "FINA" means or refers to Fédération Internationale de Natation or its predecessors, successors, parents, subsidiaries, affiliates, officers, employees, agents, consultants, attorneys, and anyone else who you understood to be acting on its behalf.

6. "MEMBER FEDERATION" means or refers to the national member federations of FINA, including individuals, predecessors, successors, parents, subsidiaries, affiliates, officers, employees, agents, consultants, attorneys, and anyone else purporting to act or actually acting on behalf of the Member Federation.

7. "NATIONAL GOVERNING BODY" OR "NGB" means or refers to the governing body at the highest national level in swimming including individuals, predecessors, successors, parents, subsidiaries, affiliates, officers, employees, agents, consultants, attorneys, and anyone else purporting to act or actually acting on behalf of the National Governing Body.

8. "PERSON" means, unless otherwise specified, any natural person, firm, entity, company, corporation, partnership, trust, proprietorship, association, joint venture, and government or government agency and any other form of business organization or arrangement of every nature and type, and its agents and employees.

9. "REGARDING," "REFERRING TO," "RELATING TO," "REFER TO," OR "RELATE TO" means, without limitation, concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consistent of, comprising, showing, commenting on, evidencing or otherwise describing the particular subject matter identified.

**INSTRUCTIONS**

1. In answering the following document requests, provide all available information including information in the possession, custody or control of any agents, employees, officers, directors, members, attorneys, investigators, consultants, experts, and all other persons acting on your behalf or under your control.

2

2. If your response to a particular document request is a statement that you lack the ability to understand a word or phrase in the request, please use the common and reasonable interpretation of the word or phrase and explain your interpretation of the word or phrase.

3. If any Document responsive to these requests is withheld for any reason, provide a detailed log that identifies each Document withheld. Use the unique identifying numbers (e.g., Bates labels) to identify the Document and provide information about the Document sufficient to allow the adjudication of the validity of your decision to withhold it from disclosure. At a minimum, the log should describe: (1) the date of the Document, (2) each and every author, (3) each and every recipient, (4) each and every person to whom the Document has been disclosed, (5) the nature of the Document (e.g., e-mail, PowerPoint presentation, handwritten notes, etc.), (6) whether the Document had any attachment, (7) the present location of the Document and all copies thereof, (8) the subject and purpose of the Document, and (9) the reason for withholding the Document (e.g., attorney-client privilege or work-product doctrine).

4. If you contend that a portion of a DOCUMENT is subject to being withheld under a claim of privilege or immunity from production or that a portion of a DOCUMENT is nonresponsive to the requests below, produce the entire DOCUMENT (including all attachments) with any necessary redactions. Include on the DOCUMENT itself notations that clearly indicate where you made any such redactions.

5. If a DOCUMENT responsive to these Requests once existed but has been lost, destroyed, or otherwise is no longer in your possession, identify the DOCUMENT and state the details concerning the loss or destruction of such DOCUMENT. Include in this response the name and address of the present custodian of any such DOCUMENT known to you.

6. Electronically stored information ("ESI") shall be produced in the following formats:

    a. <u>TIFF Format with corresponding native files</u>. All documents, with the exception of those specified below, should be produced as Group IV single page tiff files imaged at 300 dpi. All images are black & white except for those that require color jpg images for

36144\13121131.5

interpretation. Certain file types, such as Excel files, do not lend themselves to image conversion and must be produced as native files. A tiff placeholder indicating that the document was provided in native format should accompany the database record. Native file documents must be named per the BegDoc Bates number, and the full path to the file must be provided in the .dat file in a field named NativeFile.

        b.      <u>Unique IDs</u>. Each tiff file should be named with a unique name matching the Bates number labeled on the corresponding page. Each tiff will contain a branded Bates number located on the lower right side of each image.

        c.      <u>Load Files and Full Text</u>. An image load file (Opticon or Ipro format file) showing document boundaries must be provided. Extracted metadata and full text for each document should be produced in the form of an ASCII delimited .dat file using Concordance delimiters. If extracted text is not available for a document or if it has been redacted, OCR will be performed on each document to provide full text. The metadata fields to be produced for each document will include:

| FIELD NAME | DESCRIPTION |
|---|---|
| BegDoc | The Bates label of the first page of the document |
| EndDoc | The Bates label of the last page of the document |
| BegAtt | The Bates label of the first page of a family of documents (e.g., email and attachment) |
| EndAtt | The Bates label of the last page of a family of documents |
| PageCount | The number of pages in the document as rendered to tiff |
| SortDate | For email, the sent date of the parent message; For loose electronic files, the last modified date |
| SortTime | For email, the sent time of the parent message; For loose files, the last modified time |
| SentDate | For email, the sent date of the message |
| SentTime | For email, the sent time of the message |
| DateLastMod | For efiles or attachments, the document's last modified date or operating system last modified date |
| TimeLastMod | For efiles or attachments, the document's last modified time or operating system last modified time |

4

| FIELD NAME | DESCRIPTION |
|---|---|
| TimeZone | The abbreviation for the time zone used for processing files (e.g., PST or GMT) |
| Subject | For email: the subject line of the email; For attachments or loose files: the title of the loose native file or attachment from the document's properties |
| Author | For email: the sender of an email message; For loose files or attachments: the author |
| To | The recipients of an email message, in a semi-colon delimited, multi-value list |
| CC | The copyee(s) of an email message, in a semi-colon delimited, multi-value list |
| BCC | The blind copyee(s) of an email message, in a semicolon delimited, multi-value list |
| Custodian | The custodian in whose file the document was found, and the custodians of any duplicates, in a semi-colon delimited multi-value list |
| MD5 | The calculated MD5 hash value of the document |
| Folder | For email and attachments, the folder path for email messages (e.g., Inbox\Claims) |
| Source | The original file path where the document was stored on defendants' systems |
| NativeFile | The file path to the location of the corresponding native file in the production |
| FileName | The original file name of an attachment to an email or a loose document not attached to an email |
| FileExt | The file extension of an attachment to an email or a loose document not attached to an email |

      d.    <u>Retention of Original Documents</u>. Native electronic source documents are to be retained for all ESI produced in this litigation.

      e.    Paper documents will be produced as Group IV single page tiff files, and OCR will be performed on each document to provide full text.

    7.    If, for any request, you do not have any responsive documents within your possession, custody or control, you shall so state in its written responses to these requests.

    8.    Pursuant to Fed. R. Civ. P. 34(b)(1)(C), any documents which are ordinarily maintained in Microsoft Excel or any other spreadsheet program must be produced in native format.

5

9. Use of the singular also includes the plural and vice-versa.

10. The terms "and" and "or" should be understood either disjunctively or conjunctively as necessary to bring within the scope of any request all information that might otherwise be construed to be outside of its scope.

11. "All" should be understood to include "all, any, each and every."

12. As used herein, "include" and "including" shall be construed to mean "without limitations," so as to give the broadest possible meaning to requests and definitions containing those words.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS from 2017 to present REGARDING, REFERRING, or RELATING in any way to ISL, including but not limited to internal COMMUNICATIONS, COMMUNICATIONS between FINA and Wasserman, and COMMUNICATIONS between ISL and Wasserman.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS from 2017 to present between Wasserman and the International Olympic Committee ("IOC") or a National Olympic Committee ("NOC"), including but not limited to the U.S. Olympic Committee, or individuals YOU understand to act on their behalf, REGARDING, REFERRING, or RELATING in any way to ISL or Wasserman's representation of ISL.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS from 2017 to present REGARDING, REFERRING, or RELATING in any way to a NATIONAL GOVERNING BODY'S, a NOC's, including but not limited to the U.S. Olympic Committee, a MEMBER FEDERATION'S, or any swimmer's participation in, support of, or affiliation with any non-FINA swimming event.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS from 2017 to present REGARDING, REFERRING, or RELATING in any way to FINA.

**REQUEST FOR PRODUCTION NO. 5:**

ALL COMMUNICATIONS between FINA and Wasserman, REGARDING, REFERRING, or RELATING FINA's consideration, intent or plans to organize or promote any competition including any part of its FINA Champions Swim Series.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS from 2017 to present REGARDING, REFERRING, or RELATING in any way to FINA Bylaws 12.1-12.3.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS from 2017 to present REGARDING, REFERRING, or RELATING in any way to FINA General Rule 4.1.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS from 2017 to present REGARDING, REFERRING, or RELATING to the termination of YOUR relationship with ISL.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS from November to December 2018 REGARDING, REFERRING, or RELATING to discussions between Chris Holmes and any representative of ISL, including but not limited to Artem Nitz.

7

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Hilary C. Krase \| SBN: 318762<br>Farella Braun + Martel LLP<br>235 Montgomery Street 17th Floor San Francisco, CA 94104 | |
| TELEPHONE NO.: (415) 954-4400 \| FAX NO. (415) 954-4480 \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: | |

| United States District Court | |
|---|---|
| STREET ADDRESS: 450 Golden Gate Avenue | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Francisco, CA 94102 | |
| BRANCH NAME: Northern District of California | |

| PLAINTIFF/PETITIONER: INTERNATIONAL SWIMMING LEAGUE, LTD. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FEDERATION INTERNATIONALE DE NATATION | 3:18-CV-7394-JSC |

| **PROOF OF SERVICE** | Ref. No. or File No.:<br>36144 |
|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
**I SERVED COPIES** OF THE FOLLOWING DOCUMENTS:

**Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action**

PARTY SERVED: **WASSERMAN MEDIA GROUP, LLC (WASSERMAN)**

PERSON SERVED: **Kaitlyn Mannix - Authorized Agent**

DATE & TIME OF DELIVERY: **4/28/2020**
**12:35 PM**

ADDRESS, CITY, AND STATE: **2710 GATEWAY OAKS DRIVE, SUITE 150N**
**SACRAMENTO, CA 95833**

MANNER OF SERVICE:
Personal Service - By personally delivering copies.

Fee for Service: $ 170.00
County: SACRAMENTO
Registration No.: 2019-24
Specialized Legal Services, Inc.
1112 Bryant St., Suite 200
San Francisco, CA 94103
(415) 357-0500
Ref: 36144

I declare under penalty of perjury under the laws of the The United States that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on April 29, 2020

Signature: _____
MICHAEL LYNN HENRY

**PROOF OF SERVICE**

982(a)(23)[New July 1, 1987]

Order#: P180420/General