UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTERNATIONAL SWIMMING
LEAGUE, LTD,

              Plaintiff,

       v.

FÉDÉRATION INTERNATIONALE DE
NATATION,

              Defendant.

Case No.  18-cv-07394-JSC


**ORDER RE: MOTION FOR ISSUANCE
OF LETTERS ROGATORY AND
DEFENDANT'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL**

Re: Dkt. Nos. 196 & 200

Now before the Court is Plaintiff International Swimming League, Ltd.'s ("ISL's") motion for issuance of a letter rogatory pursuant to 28 U.S.C. § 1781 and Federal Rules of Civil Procedure 26(b)(1) and 28(b), as well as Defendant Fédération Internationale de Natation's ("FINA's") administrative motion to file under seal excerpts of its opposition and Exhibit A to the declaration of Christopher S. Yates, Defendant's counsel, in support of its opposition.[1]  (Dkt. Nos. 196 & 200.)  ISL's proposed letter rogatory seeks deposition testimony from International Olympic Committee ("IOC") President Thomas Bach and the production of the following from IOC: (1) documents and communications from 2018-2019 regarding ISL, particularly those between FINA and IOC; (2) documents and communications from 2018 regarding Wasserman's relationship with ISL and the termination of that relationship; (3) communications from 2018 between Mr. Bach and the United States Olympic & Paralympic Committee ("USOPC") regarding ISL; (4) documents and communications from 2017-2018 between Mr. Bach and FINA regarding the ISU Speed Skating Case; and (5) documents and communications from 2017 to present regarding the impact of entities paying athletes for performance on Mr. Bach's mission or goals.  (Dkt. No. 200-

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Dkt. Nos. 7, 14.)

5 at 17-19.)[2] FINA opposes ISL's motion, arguing that it is unnecessarily duplicative of previous discovery requests served on FINA and third parties. (Dkt. No. 197 at 2.) After consideration of the parties' briefing, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), GRANTS in part and DENIES in part ISL's motion, and DENIES FINA's administrative motion to file under seal. The December 3 informal discovery conference remains on calendar.

## I.     Motion for Issuance of Letter Rogatory

ISL alleges FINA violated federal antitrust law arising out of FINA's control over international swimming competitions. (Dkt. No. 1.) ISL contends that FINA enlisted the help of IOC in order to blacklist ISL from working with sports organizations to organize professional swimming events. (Dkt. No. 200 at 3.) IOC allegedly pressured sports marketing company Wasserman to sever its business relationship with ISL on behalf of FINA. (*Id.* at 6-7.) This motion comes after ISL's unsuccessful attempts to serve IOC in the United States and after IOC counsel in Switzerland refused to accept service of a subpoena. (*Id.* at 3.)

### A. Legal Standard

A letter rogatory is a formal request "from a court in which an action is pending[ ] to a foreign court to perform some judicial act." 22 C.F.R. § 92.54; *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness"). The Federal Rules of Civil Procedure provide for the taking of depositions within foreign countries through letters rogatory. *See* Fed. R. Civ. P. 28(b)(1)(B) ("A deposition may be taken in a foreign country . . . under a letter of request, whether or not captioned a 'letter rogatory[.]'"). In accordance with Rule 28(b)(1)(B), "[t]he Department of State has power, directly, or through suitable channels . . . to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution." 28 U.S.C. § 1781(a)(2).

Courts have "inherent power to issue Letters Rogatory," *United States v. Staples*, 256 F.2d

---

[2] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

290, 292 (9th Cir. 1958), and "[w]hether to issue such a letter is a matter of discretion," *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that information will actually be obtained." *Asis Internet Servs. v. Optin Global, Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 28, 2007). A court must instead apply "Rule 28(b) in light of the scope of discovery provided by the Federal Rules of Civil Procedure." *Id.* (collecting cases). Under Rule 26(b), "[p]arties may obtain discovery regarding a nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

ISL alleges FINA violated federal antitrust law arising out of FINA's control over international swimming competitions. (Dkt. No. 1.) ISL contends that FINA enlisted the help of IOC in order to blacklist ISL from working with sports organizations to organize professional swimming events. (Dkt. No. 200 at 3.) IOC allegedly pressured sports marketing company Wasserman to sever its business relationship with ISL on behalf of FINA. (*Id.* at 6-7.) This motion comes after ISL's unsuccessful attempts to serve IOC in the United States and after IOC counsel in Switzerland refused to accept service of a subpoena. (*Id.* at 3.)

**B. Discussion**

First, ISL argues that Mr. Bach and IOC have evidence that is relevant to ISL's claims regarding FINA's anticompetitive conduct, as evidenced by an email exchange between Julio Maglione, the president of FINA, and Mr. Bach. Second, ISL maintains that there are no alternative means to obtain the documents and deposition testimony ISL seeks.

**1. Document Requests**

ISL asserts that Mr. Bach and IOC possess evidence relevant to its claims against FINA. The Court agrees as to information that refers to ISL and ISL's relationship with Wasserman and USOPC. However, information sought as to the ISU Speed Skating case and the impact of paying athletes for performance is not directly relevant to ISL's claims.

**a. Document Requests (1), (2) and (3)**

ISL requests that IOC produce (1) documents and communications from 2018-2019 regarding ISL, particularly between FINA and IOC; (2) documents and communications from

3

2018 regarding Wasserman's relationship with ISL and termination of that relationship; and (3) communications from 2018 between Bach and the USOPC regarding ISL.  (Dkt. No. 200-5 at 17-18.)  Courts in this District have granted motions to issue letters rogatory to a third party who was allegedly involved in the conspiracy at issue in the case.  *See In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420-YGR (DMR), 2017 WL 2615763, at *3 (N.D. Cal. June 16, 2017), (granting the motion to issue a letter rogatory when the information was sought from a third party allegedly involved in a price-fixing conspiracy).

Testimony from Mr. Bach and documents from IOC are relevant to whether FINA engaged in anticompetitive behavior against ISL.  As in *In re Lithium*, where the third-party deponent was allegedly involved in the conspiracy, ISL alleges that FINA engaged IOC to pressure Wasserman, headed by sports consultant and Chairman of the Los Angeles 2028 Olympic Games, Casey Wasserman, to sever its business relationship with ISL.  *See id.* at *3.  To support this inference, ISL identifies an email exchange between Mr. Bach and Mr. Maglione, where Mr. Maglione requests help with "the serious problem that our FINA is facing—the existence of a doubtful commercial group, aiming at dividing our sport and create [sic] a professional league" that had a relationship with Wasserman.  (Dkt. No. 191-6 at 2-3.)  ISL contends that two days after the email exchange between FINA and IOC, Wasserman severed its relationship with ISL.  ISL also contends that FINA turned to USOPC in an attempt to pressure Wasserman to terminate its contract with ISL, although this was apparently unsuccessful.  The requested communications are probative of—and may reveal information regarding—whether FINA or IOC pressured Wasserman and other sports organizations, such as USOPC, to end its relationship with ISL. Accordingly, these requests seek information that is directly relevant to ISL's claims.

FINA's argument that Wasserman severed its relationship with ISL due to ISL's own misconduct and not because of pressure from IOC is untethered to the Rule 26 discovery standard. The communications are relevant to ISL's claim; that FINA insists the claim, or more specifically, this theory in support of the claim, may ultimately not pan out is not grounds for denying the discovery.  But of course, the trier of fact cannot make that final finding until discovery is complete.  Further, Mr. Holmes's declaration fails to reconcile multiple internal Wasserman emails that discuss FINA's unhappiness with the relationship between Wasserman and ISL,

including needing to discuss "the FINA issue" and that Wasserman wanted "to be sensitive to [ISL's] battle with FINA." (Dkt. No. 191-17 at 2.) It also ignores Mr. Holmes's assumption that Mr. Wasserman wanted to sever ties with ISL because "of their conflict with FINA." (Dkt. No. 191-17 at 2.) These circumstances are distinguishable from *Asis*, where the court found good cause to deny issuance of letters rogatory because the defendant showed there was *no* evidence in the record linking the proposed third-party deponent to the defendant. *See Asis*, 2007 WL 1880369, at *4. Not so here.

Moreover, ISL's request is not unduly burdensome or duplicative and therefore does not run afoul of Rule 26(b)(2)(C). Rule 26(b)(2)(C) bars discovery requests that are "unreasonably cumulative or duplicative," or can be obtained by a more convenient source. Fed. R. Civ. P. 26(b)(2)(C). FINA contends ISL has already requested the production of these documents from FINA, and therefore ISL's requests to IOC are duplicative. However, FINA has previously successfully argued that the personal emails of its officers which could contain the requested information, including the emails of Mr. Maglione, are outside of its possession and control. (*See* Dkt. No. 176 at 2, (denying motion to produce personal emails of the officers of FINA).) Courts have denied motions to issue a letter rogatory where the plaintiff requests materials from a third party that are likely possessed by a defendant and could be produced through traditional discovery. *See, e.g., Viasat Inc. v. Space Sys./loral, Inc.*, No. 12-CV-0260-H (WVG) 2013 WL 12061801, at *7 (S.D. Cal. Jan. 14, 2013). As FINA points out, it has produced no further communications between IOC and FINA regarding ISL in discovery. (Dkt. No. 197 at 5.) Therefore, the requested discovery is not duplicative because it cannot be requested from and is not likely to be produced by FINA. *Compare Viasat*, 2013 WL 12061801, at *7 ("[T]he proposed Letter Rogatory seeks unnecessarily duplicative information which Plaintiff can request from the United States-based Defendants."). ISL has also been unable to request the information from IOC in the United States, or from IOC's Swiss counsel. (Dkt. No. 200 at 3.) Accordingly, ISL's motion does not run afoul of Rule 26(b)(2)(C) because the discovery is not unreasonably duplicative.

### b. Document Requests (4) and (5)

While Mr. Bach's and IOC's communications and information regarding ISL is relevant to the claims, questions and documents regarding the ISU Speed Skating case and "all documents

United States District Court
Northern District of California

1    and communications from 2017 to present regarding the impact of entities paying athletes for

2    performance on Bach's mission or goals" are not.  FINA's discussions regarding the Speed

3    Skating decision in 2019 are at best marginally relevant to its actions towards ISL in 2018 and do

4    not warrant the burden on a third party.  This Court has previously limited the production of

5    documents related to ISU Speed Skating for the same reason.  (*See* Dkt. No. 176 at 3.)  Likewise,

6    the Court in its discretion declines to issue the letter rogatory for all documents and

7    communications from 2017 to present regarding the impact of entities paying athletes for

8    performance on Mr. Bach's mission or goals given the request's minimal, if any, relevance.

9                                    **2. Noticed Depositions**

10          ISL also requests Mr. Bach's deposition.  For the same reasons that document requests (1),

11   (2), and (3) in ISL's letter rogatory are relevant to ISL's claims, Mr. Bach's testimony regarding

12   IOC's relationship with FINA and its communications regarding ISL is also relevant.  The Court

13   expects, however, that the deposition would be short given the limited relevant subject matter.

14          While the Court will issue the deposition notice to get the process going, FINA's argument

15   regarding the deposition limit in Federal Rule of Procedure 30(a)(2)(A) is not without merit.

16   Given that fact discovery closes in two months, and that ISL has noticed 15 depositions, ISL must

17   advise FINA of the depositions that are within its allotted ten so that they may be scheduled, or at

18   least propose a priority plan so as to avoid needlessly scheduling depositions that will not happen.

19   This issue can be addressed at the informal discovery conference on December 3, 2020 at 9:00

20   a.m.

21   **II.      Administrative Motion to File Under Seal**

22          FINA seeks to file under seal excerpts of its opposition to ISL's motion, as well as Exhibit

23   A to the declaration of Mr. Yates in support of its opposition, on the grounds that this material is

24   "Confidential" pursuant to the parties' Protective Order.  (Dkt. No. 196 at 2.)

25          **A. Legal Standard**

26          There is a presumption of public access to judicial records and documents.  *Nixon v.*

27   *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Courts generally apply a "compelling

28   reasons" standard when considering motions to seal documents, recognizing that "a strong

presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citations omitted). Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc*., Case No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020). Under Civil Local Rule 79-5(b), sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law," or "sealable." N.D. Cal. Civ. L.R. 79-5(b).

**B. Discussion**

FINA's request for sealing is overbroad, and its boilerplate supporting declaration does not provide support for sealing any of what is sought to be sealed. Simply because portions of the opposition and Exhibit A to Mr. Yates's declaration have been designated "Confidential" by Wasserman pursuant to the parties' Protective Order does not mean that FINA has provided a compelling reason to file the requested material under seal. (Dkt. No. 196-1 at 2 ¶ 2.) For instance, statements that provide a timeline of Mr. Holmes's employment history at Wasserman do not implicate any confidentiality concerns that would warrant keeping those statements secret from the public. (Dkt. No. 196-5 at 3 ¶ 1.) Efforts to seal descriptions of Mr. Holmes's job responsibilities while employed at Wasserman also fall short; merely providing background employment information does not present any compromising personal information that sealing is designed to protect. (*Id.* at ¶ 2.) Elsewhere, regarding ISL's December 2018 event, Mr. Holmes declares that "we were within 6 months of the event, which is a very short time frame to obtain any meaningful broadcast rights, at least from any major broadcasters." (*Id.* at ¶ 22.) The Court does not understand how this statement implicates confidentiality concerns that would warrant sealing it from the public.

The above are just a few examples of the overbreadth of the sealing request. If FINA wishes to seal information from the public it has to specifically address each statement it seeks to seal and explain by competent declaration why that particular statement is sealable under the "compelling reasons" standard and consistent with Civil Local Rule 79-5. Just because one party designates material "confidential" does not make that material sealable when the parties litigate in

United States District Court
Northern District of California

federal court.

## CONCLUSION

For the above reasons, the Court GRANTS ISL's motion for issuance of a letter rogatory to IOC for (1) documents and communications from 2018-2019 regarding ISL, particularly between FINA and IOC, (2) documents and communications from 2018 regarding Wasserman's relationship with ISL and termination of that relationship, and (3) communications from 2018 between Bach and the USOPC regarding ISL.  ISL shall also be permitted to request Mr. Bach's deposition.  The motion for a letter regatory is otherwise denied.  ISL shall revise and file the proposed letter rogatory in light of this Order.  Once filed, the Court will sign and affix its seal to the letter rogatory submitted and return the letter with original signatures and seals to ISL's counsel for forwarding to the United States Department of State.

FINA's administrative motion to file under seal is DENIED without prejudice.  If FINA believes that any excerpts of the material sought to be sealed satisfy the compelling reasons standard, then within 7 days of this Order it shall submit a new motion to seal that specifically addresses each statement it seeks to seal.  If no such motion is filed, then FINA shall file unredacted versions of the documents.

This Order Disposes of Dkt. Nos. 196, 200.

**IT IS SO ORDERED.**

Dated: December 1, 2020

_Jacqueline Scott Corley_
_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge