1    Jeffrey L. Kessler (*pro hac vice*)
     jkessler@winston.com
2    Johanna Rae Hudgens (*pro hac vice*)
     jhudgens@winston.com
3    **WINSTON & STRAWN LLP**
     200 Park Avenue
4    New York, NY 10166-4193
     Telephone: (212) 294-6700
5    Facsimile: (212) 294-4700

6    Jeanifer E. Parsigian (SBN: 289001)
     jparsigian@winston.com
7    **WINSTON & STRAWN LLP**
     101 California Street, 35th Floor
8    San Francisco, CA 94111-5840
     Telephone: (415) 591-1000
9    Facsimile: (415) 591-1400

10   *Class Counsel and Counsel for Plaintiffs*
     *Thomas A. Shields and Katinka Hosszú*
11
     [Additional counsel on signature page]
12

     William A. Isaacson (*pro hac vice*)
     wisaacson@paulweiss.com
     **PAUL, WEISS, RIFKIND, WHARTON &**
     **GARRISON LLP**
     2001 K Street, NW
     Washington, DC 20006
     Telephone: (202) 223-7300
     Facsimile: (202) 223-7420

     Randall Scott Luskey (SBN: 240915)
     rluskey@paulweiss.com
     Meredith R. Dearborn (SBN: 268312)
     mdearborn@paulweiss.com
     **PAUL, WEISS, RIFKIND, WHARTON &**
     **GARRISON LLP**
     535 Mission Street, 24th Floor
     San Francisco, CA 94105
     Telephone: (628) 432-5100

     *Counsel for Plaintiff*
     *International Swimming League, Ltd.*

13                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
14                       **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 15  THOMAS A. SHIELDS, ET AL., | Case No. 3:18-cv-07393-JSC |
| 16              Plaintiffs, | Case No. 3:18-cv-07394-JSC |
| 17              v. | **INTERNATIONAL SWIMMING** |
| | **LEAGUE'S REPLY IN SUPPORT OF** |
| 18  FÉDÉRATION INTERNATIONALE DE | **MOTION TO STAY THE CLERK'S** |
|     NATATION, | **TAXATION OF COSTS** |
| 19 | |
|     Defendant. | Date: January 4, 2024 |
| 20 | Time: 10:00 a.m. |
| | Judge: Hon. Jacqueline Scott Corley |
| 21 | Courtroom 8, 19th Floor |
| 22  INTERNATIONAL SWIMMING LEAGUE, | |
|     LTD., | |
| 23              Plaintiff, | |
| 24              v. | |
| 25  FÉDÉRATION INTERNATIONALE DE | |
|     NATATION, | |
| 26 | |
|     Defendant. | |
| 27 | |

28

## I.    INTRODUCTION

ISL[1] respectfully submits this reply in support of its motion to stay the Clerk's taxation of costs pursuant to Federal Rule of Civil Procedure 54.  ECF No. 446.[2]

## II.    ARGUMENT

World Aquatics' opposition brief rests on a variety of errors. As to the first *Hilton* factor—likelihood of success on appeal—World Aquatics admits that Plaintiffs' prospects need only be "better than negligible." ECF No. 447 at 2 (citing cases). It is not true that a party must <u>only</u> raise <u>new</u> arguments that it did not present to the District Court previously in order to satisfy this factor; instead, cases that present close, complex, or difficult issues can also raise the requisite "fair prospect of success" on appeal. *E.g.*, *Trendsettah USA, Inc.* v. *Swisher International Inc.*, 2020 WL 11232926, at *3 (C.D. Cal., 2020) (finding *Hilton* factor one satisfied where there are "substantial grounds for difference of opinion" and "the Ninth Circuit might find differently from this Court. In other words, while the Court believes that the order was proper, the Court acknowledges that it is a close argument."); *see also Core Optical Techs., LLC* v. *Nokia Corp.*, No. SACV192190JAKRAOX, 2023 WL 6542332, at *7 (C.D. Cal. Jan. 10, 2023) (finding sufficient likelihood of success on appeal when, in addition to raising both old and new arguments, the case presented "a question of first impression"). Plaintiffs presented strong arguments at summary judgment and prevailed on several of those arguments, including that a reasonable trier of fact could find that World Aquatics and its member federations were both capable of, and did, engage in concerted action under Section 1 of the Sherman Act. ECF No. 419 at 7–11. And, as World Aquatics admits, Plaintiffs <u>did</u> cite new Ninth Circuit authority, the *Epic Games* decision, in support of its motion to stay; *Epic* is a clear and recent decision that supports Plaintiffs' position that a "precise market definition" is not an "absolute requirement" in antitrust cases. *See Epic Games* v. *Apple, Inc.*, 67 F.4th 946, 974 n.6 (9th Cir. 2023). While we acknowledge that the Court disagreed with several of Plaintiffs' positions at summary judgment, we respectfully submit that Plaintiffs, on appeal, have more than the minimum "reasonable probability or

---

[1] World Aquatics has disclaimed any intention to charge the swimmers and does not otherwise challenge their assertion of irreparable harm, ECF No. 447 at 3–4, and thus ISL files this brief alone. Capitalized terms otherwise have the same meaning as in Plaintiffs' opening brief. ECF No. 446.

[2] All docket references are to papers filed in Case No. 18-cv-7394.

fair prospect of success." *FTC* v. *Qualcomm Inc.*, 935 F.3d 752, 755 (9th Cir. 2019) (stay applicants "need not demonstrate that it is more likely than not they will win on the merits, but rather must show a reasonable probability or fair prospect of success.").

As to second *Hilton* factor—the injury ISL would suffer if ordered to pay costs now—ISL explained long ago that it is facing significant operational and financial challenges due to the ongoing war in Ukraine. ECF No. 397, Decl. of K. Grigorishin, at ¶¶ 27–29, 36. The fact that ISL is the plaintiff is of no moment; ISL filed suit in December 2018—more than <u>two years</u> before Russia invaded Ukraine in February 2022. ISL has suspended operations, as World Aquatics acknowledges. ECF No. 447 at 3–4. These facts counsel in favor of a stay under the second *Hilton* factor. *See, e.g.*, *Ward* v. *Est. of Goossen*, No. 14-CV-03510-TEH, 2014 WL 7273911, at *4 (N.D. Cal. Dec. 22, 2014) (movant need not establish "dire financial hardship, such as bankruptcy," to demonstrate irreparable injury); *Pers. Web Techs., LLC* v. *EMC Corp.*, No. 5:13-CV-01358-EJD, 2020 WL 1557441, at *2 (N.D. Cal. Apr. 1, 2020) (plaintiffs' limited financial resources favored a stay).

Nor has World Aquatics offered any real argument—much less evidence—that it will be irreparably harmed if costs are stayed while the Ninth Circuit considers this appeal under the third *Hilton* factor. Oral argument on Plaintiffs' appeal has been set for Friday, February 16, 2024—less than two months from now. The time for the stay is thus limited. Regardless of World Aquatics' nonprofit status, it does not claim it has any need for the funds—only an "interest" in them—and does not dispute that it has over $200 million in reported assets. *Compare* ECF No. 446 at 4 *with* ECF No. 447 at 4. Particularly compared with the relative hardship that would be experienced by ISL, the third *Hilton* factor weighs in favor of a stay.

The fourth *Hilton* factor—the public interest—also favors a stay. If the judgment is reversed on appeal, the payment of costs will have to be unwound—an inefficient result. *Cf. Spigen Korea Co., Ltd.* v. *iSpeaker Co., Ltd.*, 2020 WL 2527998 (C.D. Cal. Jan. 23, 2020) (public interest in "efficient use of judicial resources" served by a stay). World Aquatics has pointed to no case law that suggests that a stay is no longer viable once the Court has issued an order on costs. Logically, without that order, there would be nothing to stay.

1

**III.    CONCLUSION**

2

     For these reasons, and those stated in its opening motion (ECF No. 446), Plaintiffs respectfully

3

request that the Court stay the Clerk's taxation of costs during the pendency of the appeal in this case.

4

5

Dated: December 20, 2023                Respectfully submitted,

6

                         PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

7

8

                         By: *s/ William A. Isaacson*
William A. Isaacson (DC SBN: 414788; *pro hac vice*)

9

wisaacson@paulweiss.com
2001 K Street, NW

10

Washington, DC 20006
Telephone: (202) 223-7300

11

Fax: (202) 223-7420

12

Randall Scott Luskey (SBN: 240915)
rluskey@paulweiss.com

13

Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com

14

535 Mission Street. 24th Floor
San Francisco, CA 94105

15

Telephone: (628) 432-5100

16

Brette M. Tannenbaum (*pro hac vice*)
btannenbaum@paulweiss.com

17

1285 Avenue of the Americas
New York, NY 10019-6064

18

Telephone: (212) 373-3830

19

*Counsel for Plaintiff*

20

*International Swimming League, Ltd.*

21

WINSTON & STRAWN LLP

22

By: *s/ Jeffrey L. Kessler*

23

Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
Johanna Rae Hudgens (*pro hac vice*)

24

jhudgens@winston.com
200 Park Avenue

25

New York, NY 10166-4193
Telephone: (212) 294-6700

26

Facsimile: (212) 294-4700

27

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com

28

101 California Street, 35th Floor

San Francisco, CO 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Class Counsel and Counsel for Plaintiffs Thomas A. Shields and Katinka Hosszú*

1

## <u>DECLARATION REGARDING CONCURRENCE</u>

2

Pursuant to Civil Local Rule No. 5-1(i)(3), I, William A. Isaacson, declare that concurrence

3
has been obtained from each of the above signatories to file this document with the Court. I shall

4
maintain records to support this concurrence for subsequent production to the Court, if so ordered, or

5
for inspection upon request by a party, until one year after final resolution of the action (including

6
appeal, if any).

7

8
By: <u>*s/ William A. Isaacson*</u>
William A. Isaacson

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -