UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL SWIMMING LEAGUE, LTD, <br><br> Plaintiff, <br><br> v. <br><br> WORLD AQUATICS, <br><br> Defendant. | Case No. 18-cv-07394-JSC <br><br> **ORDER RE: PLAINTIFF'S MOTION IN LIMINE #3** <br><br> Re: Dkt. No. 487 |

International Swimming League, Ltd. ("ISL") moves in limine to "preclude evidence or argument that ISL lacks standing to pursue its damages claims because its lost profits would have been earned by related entities and because its increased expenses were incurred by entities with whom ISL has contractual relationships." (Dkt. No. 487 at 2.)[1] Relying on Federal Rule of Evidence 403, ISL argues such evidence would be an "unnecessary distraction."[2] (*Id.* at 3.)

The Court previously denied ISL's motion as to "evidence of the related ownership of supposed sponsors of ISL's events." (Dkt. No. 513 at 2.) As World Aquatics argues, "ISL's lost profit projections are based, in part, on a number of supposed 'sponsorships' ISL claims it secured in 2019." (Dkt. No. 487 at 9.) So, World Aquatics "is entitled to present evidence regarding the various shell companies that were the source of those 'sponsorships' to show that ISL never actually secured legitimate sponsors, but rather relied on non-arm's-length 'sponsorships' from entities affiliated with Mr. Grigorishin and ISL." (*Id.*) And, at oral argument, ISL agreed "[World Aquatics] [is] free to make that argument." (Dkt. No. 515 at 36.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.
[2] ISL also argued such evidence would open the door to evidence addressed in its Second Motion in Limine, which the Court granted in part and denied in part. (Dkt. No. 513 at 1-2.)

1      However, the Court ordered supplemental briefing as to evidence or argument ISL "lacks
2 standing because its expenses were incurred by other entities." (Dkt. No. 513 at 3.) ISL
3 subsequently informed the Court it has withdrawn its "incurred-cost or increased-expense
4 damages" claims and now only seeks damages based on "lost profits from sponsorships." (Dkt.
5 No. 517 at 2.) ISL asserts World Aquatics "does not challenge [its] standing to pursue its lost-
6 sponsorship damages." (*Id.*) World Aquatics' supplemental brief did not correct Plaintiff's
7 assertion; instead, World Aquatics argues certain evidence "will assist the jury in evaluating
8 whether ISL, Ltd. would have been the recipient of the sponsorship revenues underlying its
9 remaining ***damages claims***." (Dkt. No. 520 at 3 (emphasis added).) So, the Court understands
10 World Aquatics does not intend to introduce evidence or argue ISL "lacks ***standing*** to pursue its
11 damages claims because its lost profits would have been earned by related entities." (Dkt. No. 487
12 at 2 (emphasis added).)
13     World Aquatics also seeks to clarify "evidence of ISL's practice of paying vendors through
14 third parties remains admissible because it illuminates how ISL actually operated and is probative
15 and relevant to the issue of whether ISL, Ltd.—the sole plaintiff—would have received the
16 sponsorship revenues at the core of ISL's remaining damages theory." (Dkt. No. 520 at 2.) ISL
17 does not seek to exclude such evidence and argument as it relates to damages; at oral argument,
18 ISL stated: "Our issue is if that argument starts drawing over into discussing the fact that ISL
19 doesn't have standing to recover on damages due to the fact that other third-party entities have
20 incurred the costs that flowed through third-party entities." (Dkt. No. 515 at 36.) The Court
21 agrees with World Aquatics such evidence and argument remains relevant to ISL's damages
22 claims and not inadmissible pursuant to Federal Rule of Evidence 403.
23     So, the Court DENIES Plaintiff's third motion in limine.
24     This Order disposes of Docket No. 487.
25 \\
26 \\
27 \\
28 \\

**IT IS SO ORDERED.**

Dated: December 23, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge