UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL SWIMMING LEAGUE, LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>WORLD AQUATICS,<br><br>    Defendant. | Case No. 18-cv-07394-JSC<br><br>**ORDER RE: ISL'S TRIAL BRIEFS**<br><br>Re: Dkt. Nos. 531, 532 |

On January 6, 2026, International Swimming League, LTD ("ISL") filed trial briefs asking the Court: (1) to allow Konstantin Grigorishin to testify remotely at trial, (Dkt. No. 531); and (2) to preclude evidence or argument "the filing of the instant lawsuit and resulting effect on sponsors constituted an alternative or superseding cause of ISL's damages," (Dkt. No. 532).[1]  World Aquatics opposes both requests.  (Dkt. Nos. 534, 535.)  Having carefully considered the parties' submissions, the Court DENIES ISL's requests.  The Court does not find "good cause in compelling circumstances" to allow Mr. Grigorishin's remote testimony, Fed. R. Civ. P. 43(a), and ISL has not explained why the Court can prevent the jury from considering evidence which may be relevant to causation of ISL's damages.

**I.     MOTION TO PERMIT MR. GRIGORISHIN TO TESTIFY VIA LIVE VIDEO**

Federal Rule of Civil Procedure 43(a) provides "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  Fed. R. Civ. P. 43(a).  "A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

special difficulty in showing good cause and the compelling nature of the circumstances." *In re Kirkland*, 75 F.4th 1030, 1044 (9th Cir. 2023) (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment) (quotation marks omitted).

ISL previously asked the Court to allow Mr. Grigorishin to testify at trial via video because he could not lawfully enter the United States. (Dkt. No. 490 at 12-14.)[2] At the November 18, 2025 pretrial conference, the Court explained given Mr. Grigorishin was deposed remotely, it did not "see any prejudice to defendant" by allowing remote testimony, but the Court would "need— right up to trial, . . . proof that he's made every effort to be here." (Dkt. No. 515 at 63-64.) So, in its subsequent order, the Court wrote:

> Mr. Grigorishin's "inability to lawfully enter the United States [would] constitute[] good cause in compelling circumstances to justify" testimony via video, especially as his deposition was conducted remotely. *See Monserrate v. K.K. Machine Co., Inc.*, No. 10-3732 (TLM), 2013 WL 1412194, at *1 (E.D.N.Y. Apr. 8, 2013). However, Plaintiff has not shown Mr. Grigorishin "ha[s] pursued and [] been denied a visa to the United States." *See El-Hadad v. United Arab Emirates*, 496 F.3d 658, 669 (D.C. Cir. 2007). The Court holds Plaintiff's request for Mr. Grigorishin to testify via video in abeyance pending evidence he applied for and failed to obtain a visa to enter the United States.

(Dkt. No. 513 at 8.)

ISL now presents evidence Mr. Grigorishin applied for a B-1/B-2 visa on December 18, 2025, and interviewed at the U.S. Embassy in Switzerland on December 30, 2025. (Dkt. No. 531-1 ¶¶ 6, 9, 10.) At the conclusion of the interview, the consular officer "refused to grant Mr. Grigorishin a visa" and informed him his application would require "administrative processing" and his submission of a Form DS-5535 with additional information. (*Id.* ¶ 11.) Mr. Grigorishin submitted the Form DS-5535 on January 5, 2026. (*Id.* ¶ 16.) As of January 6, 2026, he had not obtained a visa, and his immigration counsel declares "the Embassy is unlikely to provide Mr. Grigorishin with a final determination regarding the application for several months, if not years." (*Id.* ¶ 17.) Also on January 6, 2026, Mr. Grigorishin asked U.S. Customs and Border Protection

---

[2] ISL also asked the Court to issue an order requesting U.S. Customs and Border Protection grant Mr. Grigorishin temporary admission to the United States. (Dkt. No. 483.) Because ISL did not cite any civil case in which a court had issued such an order on behalf of a plaintiff's witness, the Court denied the motion. (Dkt. No. 513 at 7.)

1   ("CBP") to parole him into the United States; as of that day, CBP had not made a decision on his
2   request.  (*Id.* ¶ 19.)
3         Upon review of the entire record, the Court does not find "good cause in compelling
4   circumstances" to permit Mr. Grigorishin's remote testimony.  *See* Fed. R. Civ. P. 43(a).  In 2018,
5   ISL chose to bring this case in the United States although Mr. Grigorishin—ISL's founder, the
6   litigation's funder, and a likely witness—had had his visa revoked by the State Department in
7   2016.  (Dkt. No. 531-1 ¶ 7; *see also* Dkt. No. 532 at 7.)  And the United States denied Mr.
8   Grigorishin's visa application in 2019, suggesting a "high likelihood that any [future visa]
9   application would also be denied."  (Dkt. No. 531-1 ¶ 8.)  So, ISL should "reasonably [have]
10  foresee[n] the circumstances" preventing Mr. Grigorishin's live testimony and faces "special
11  difficulty in showing good cause and the compelling nature of the circumstances."  *See In re*
12  *Kirkland*, 75 F.4th at 1044 (quotation marks and citation omitted); *see also Herwick v. Budget*
13  *Rent A Car System Inc.*, No. CV 10-00409 SJO (PLAx), 2011 WL 13213626, at *5 (C.D. Cal.
14  Mar. 22, 2011) (denying video testimony request when the "[p]laintiffs were on notice from the
15  early stages of this litigation that they would be unable to re-enter the Unted States," and so
16  reasonably "foresaw that they would be unable to attend trial but failed to take precautionary
17  steps").  That certain New York courts have found good cause in compelling circumstances for
18  witnesses in less foreseeable situations is unavailing.  *See Virtual Architecture, Ltd. v. Rick*, No.
19  08-CV-5866 (SHS), 2012 WL 388507, at *2 (S.D.N.Y. Feb. 7, 2012) (allowing plaintiff's witness
20  to testify remotely due to international travel and visa requirements); *In re Rand Int'l Leisure*
21  *Prods., LLC*, No. 10-71497-AST, 2010 WL 2507634, at *4 (E.D.N.Y. June 16, 2010) (finding
22  international travel imposed "undue burden" on creditor witnesses and formed "compelling
23  circumstance for remote testimony).
24        Furthermore, ISL has known since February 2025 this jury trial would begin on January
25  12, 2026.  (Dkt. No. 465 at 3.)  However, Mr. Grigorishin decided to wait until December 18,
26  2025—less than a month before the start of trial—to apply for a visa.  (Dkt. No. 531-1 ¶ 9.)  Mr.
27  Grigorishin's application is now in "administrative processing" which may take "several months,
28  if not years."  (*Id.* ¶¶ 11, 17.)  But based on ISL's brief and declaration, Mr. Grigorishin was not

United States District Court
Northern District of California

altogether unable to obtain a visa; instead, he simply appears to have waited too long to apply. *Cf. Monserrate v. K.K. Machine Co. Inc.*, No. 10-3732 (TLM), 2013 WL 1412194, at *1 (E.D.N.Y. Apr. 8, 2013) (allowing remote testimony when the plaintiff was "statutorily prohibited from" obtaining a visa). To explain Mr. Grigorishin's delay, his immigration counsel declares "[i]t was decided that the most effective strategy would be to submit a visa application in December to highlight Mr. Grigorishin's need to travel to the United States in advance of the approaching trial." (Dkt. No. 531-1 ¶ 8.) ISL also stated at the pretrial conference Mr. Grigorishin had waited to apply for a visa until the Court decided whether to issue an order requesting CBP grant him temporary admission. (Dkt. No. 515 at 63.) Neither argument persuades the Court compelling circumstances exist.

ISL appears to have been under the impression as long as Mr. Grigorishin had applied for and not obtained a visa by the start of the trial, the Court would allow his remote testimony. But the Court must still find "good cause in compelling circumstances" to permit his remote testimony. *See* Fed. R. Civ. P. 43(a). And at the pretrial conference, the Court emphasized it "need[ed] . . . proof that he's made every effort to be here." (Dkt. No. 515 at 63.) But instead, Mr. Grigorishin waited a full month after the pretrial conference to submit his visa application. And, Mr. Grigorishin's decision to wait to even apply for a visa until after ISL asked the Court requesting CBP grant him temporary admission was unreasonable given there is no authority to support the Court make such a request in a civil case, let alone under the circumstances of this case.

As ISL has not shown good cause in compelling circumstances, the Court DENIES ISL's request to allow Mr. Grigorishin's live video testimony. The parties may rely on his deposition testimony. Given Mr. Grigorishin's situation, the parties were on notice his deposition might be the only avenue through which his testimony could be presented at trial.

## II. MOTION REGARDING EVIDENCE OR ARGUMENT CONCERNING THIS LITIGATION AS A SUPERSEDING CAUSE

ISL also moves to "preclude evidence or argument, including during the examinations or cross-examinations of witnesses, that the filing of the instant lawsuit and resulting effect on

4

sponsors constituted an alternative or superseding cause of ISL's damages." (Dkt. No. 532 at 2.) World Aquatics opposes ISL's request and states it "intends to put on evidence from which the jury could conclude that the litigation was a part of a public relations strategy rather than the necessary result of World Aquatic's conduct," as well as "a significant, independent factor depressing sponsor interest in the nascent ISL property." (Dkt. No. 535 at 4.)

"Causation is an intensely factual question that should typically be resolved by a jury." *Pac. Shores Properties, LLC v. City of Newport Beach*, 730 F.3d 1142, 1168 (9th Cir. 2013) (citation omitted). ISL cites no evidentiary rule or case law explaining why the Court may prevent the jury from hearing evidence and argument related to causation of damages. *Cf. id.* at 1170 (reversing summary judgment and noting "the press coverage from third-party sources was a foreseeable result of the enactment and enforcement of the Ordinance, and therefore a jury could find that it was proximately caused by the [defendant]").

Instead, ISL states to prove causation, it must show World Aquatics' violation was a "material cause, . . . notwithstanding that other factors also contributed," *see In re Airport Car Rental Antitrust Litig.*, 474 F. Supp. 1072, 1099 (N.D. Cal. 1979) (quotation marks and citations omitted), and ISL's lawsuit would be a superseding cause only if it is "a later cause of independent origin that was not foreseeable," *Mendez v. Cnty. of Los Angeles*, 897 F.3d 1067, 1081 (9th Cir. 2018) (quotation marks and citation omitted). And, ISL explains, in assessing damages, "the relevant question i[s] the counterfactual 'but-for' analysis," not a comparison to "real-world" alternatives. *In re Qualcomm Antitrust Litig.*, 328 F.R.D. 280, 307 (N.D. Cal. 2018), *vacated and remanded on other grounds sub nom.*, *Stromberg v. Qualcomm Inc.*, 14 F.4th 1059 (9th Cir. 2021). The jury may find World Aquatics' conduct was a material cause of ISL's injury notwithstanding other contributory factors. It may also find ISL's lawsuit was a foreseeable consequence of Defendant's conduct and therefore not a superseding cause. But that does not justify the Court's preventing the jury from considering evidence and argument relevant to making those determinations.

ISL also cites the Court's order refusing to exclude ISL's damages expert Dr. Jensen on the grounds his "opinion the cancellation of ISL's 2018 event limited sponsorship revenues in

subsequent years is unreliable because even after its 2019 events, ISL did not garner large revenues." (Dkt. No. 514 at 5.) There, the Court explained World Aquatics' "argument is flawed because 'the relevant question [is] the counterfactual "but-for" analysis,' not a comparison to 'real-world' alternatives." (*Id.* (citation omitted).) It is unclear how this statement supports ISL's present request. Ultimately, ISL's lawsuit might have encouraged or discouraged sponsors—and therefore mitigated or increased ISL's lost revenues and damages, and the parties are free to present a factual foundation and make such arguments to the jury. (*Id.* at 8 ("[P]otential alternative causes for ISL's lost revenues may be a fruitful ground for World Aquatics to present a factual foundation and cross-examine Dr. Jensen at trial.").)

Finally, ISL contends evidence and argument related to its litigation might "open the door" for ISL to explain how ISL's lawsuit related to the swimmers' class action, but the parties have stipulated to not presenting evidence or argument regarding "[t]he Class settlement in the *Shields* case." (Dkt. No. 532 at 6; Dkt. No. 490 at 16.) ISL can explain the *Shields* class action without presenting evidence or argument regarding its settlement. Furthermore, World Aquatics points out "ISL has already designated exhibits and deposition testimony that speak to that effect." (Dkt. No. 535 at 7.) To the extent ISL seeks to present additional evidence or argument regarding the *Shields* class action, the parties shall work together on how it may be presented to the jury.

So, the Court DENIES ISL's motion to preclude evidence or argument this lawsuit contributed to ISL's damages.

This Order disposes of Docket Nos. 531 and 532.

**IT IS SO ORDERED.**

Dated: January 8, 2026

JACQUELINE SCOTT CORLEY
United States District Judge