United States District Court
Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7   INTERNATIONAL SWIMMING              Case No.  18-cv-07394-JSC
    LEAGUE, LTD,

8              Plaintiff,              **FINAL JURY INSTRUCTIONS**

9        v.

10  WORLD AQUATICS,

11             Defendant.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# JURY INSTRUCTION NO. 1

## DUTY OF JURY

Members of the jury: Now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Please do not read into these instructions or into anything I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

Plaintiff International Swimming League LTD, or ISL, asserts World Aquatics orchestrated a group boycott against ISL, causing ISL injury in violation of federal antitrust laws. ISL has the burden of proving this claim by a preponderance of the evidence.

World Aquatics denies this claim.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 3

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that have been admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I may instruct you to accept as proved.

# JURY INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question could not be answered, and the exhibit could not be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 8
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 9

### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.  You must not speculate as to why the witness did not appear in court.

1
2

**JURY INSTRUCTION NO. 10**

**FOREIGN LANGUAGE TESTIMONY**

3

4     You have heard testimony of a witness who testified in a foreign language.  Witnesses who

5   do not speak English or are more proficient in another language testify through an official

6   interpreter.  Although some of you may know the foreign language, it is important that all jurors

7   consider the same evidence.  Therefore, you must accept the interpreter's translation of the

8   witness's testimony.  You must disregard any different meaning.

9     You must not make any assumptions about a witness or a party based solely on the use of

10   an interpreter to assist that witness or party.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 11
### EXPERT OPINION TESTIMONY

You have heard testimony from experts who testified about their opinions and the reasons for those opinions.  This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 12

## CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 13

### LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1

**JURY INSTRUCTION NO. 14**

2

**SHERMAN ACT – PURPOSE**

3

4          The purpose of the Sherman Act is to preserve free and unfettered competition in the

5   marketplace.  The Sherman Act rests on the central premise that competition produces the best

6   allocation of our economic resources, the lowest prices, the highest quality, and the greatest

7   material progress.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 15**

**SHERMAN ACT – ELEMENTS OF SECTION 1 CLAIM**

ISL challenges World Aquatics' conduct under Section 1 of the Sherman Act.  Section 1 prohibits contracts, combinations, and conspiracies that unreasonably restrain trade.  To establish a violation of Section 1 of the Sherman Act, ISL must prove the following:

(1) the existence of a contract, combination, or conspiracy between or among at least two separate entities;

(2) that the contract, combination, or conspiracy unreasonably restrained trade; and

(3) that the restraint caused ISL to suffer an injury to its business or property.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 16**

**SHERMAN ACT – ISL'S CLAIM**

ISL alleges that World Aquatics violated Section 1 of the Sherman Act by conspiring with its national member federations to boycott ISL swimming events that would compete with World Aquatics' events.  ISL claims that World Aquatics' actions constituted a "group boycott" that operated as an unreasonable restraint of trade and resulted in an adverse effect on competition in violation of Section 1 of the Sherman Act.

World Aquatics denies ISL's claims and that it violated the antitrust laws.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 17**

**AN AGREEMENT OR CONSPIRACY – OVERVIEW**

To prove its Sherman Act Section 1 claim, ISL first must show the existence of a contract, combination, or conspiracy between or among at least two separate entities.

A person or business has the right to deal, or refuse to deal, with whomever it likes, as long as it makes that decision on its own.  The Sherman Act, however, prohibits two or more persons or businesses from agreeing with one another not to deal with other entities where certain circumstances are shown to exist, a situation sometimes referred to as a "group boycott."

ISL alleges World Aquatics participated in a conspiracy to restrain trade by agreeing with its member national federations to boycott ISL swimming events.  A conspiracy is an agreement or understanding between two or more persons to restrain trade.

To prove that World Aquatics participated in a conspiracy to restrain trade, ISL must prove both of the following elements by a preponderance of the evidence:

(1) that the alleged conspiracy existed; and

(2) that World Aquatics knowingly became a member of that agreement or conspiracy.  To act knowingly means to participate deliberately, and not because of mistake or accident or other innocent reason.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 18**

**AN AGREEMENT OR CONSPIRACY – EVIDENCE TO PROVE THE CONSPIRACY**

The basis of a conspiracy is an agreement or understanding between two or more persons. An agreement or understanding between two or more persons exists when they share a commitment to a common scheme.

To establish the existence of a conspiracy, the evidence need not show that its members entered into any formal or written agreement. The agreement itself may have been entirely unspoken. A person can become a member without full knowledge of all of the details of the agreement or conspiracy, the identity of all of its members, or the parts such members played in the charged agreement or conspiracy. The members of the agreement or conspiracy need not necessarily have met together, directly stated what their object or purpose was to one another, or stated the details or the means by which they would accomplish their purpose. To prove an agreement or conspiracy existed, the evidence must show that the alleged members of the agreement or conspiracy came to an agreement or understanding among themselves to accomplish a common purpose.

A conspiracy may be formed without all parties coming to an agreement at the same time. Similarly, it is not essential that all persons acted exactly alike, nor is it necessary that they all possessed the same motive for entering the agreement. It is also not necessary that all of the means or methods claimed by plaintiff were agreed upon to carry out the alleged agreement or conspiracy, nor that all of the means or methods that were agreed upon were actually used or put into operation, nor that all the persons alleged to be members of the agreement or conspiracy were actually members. It is the agreement or understanding to restrain trade that constitutes a conspiracy. Therefore, you may find a conspiracy existed regardless of whether it succeeded or failed.

ISL may prove the existence of the alleged conspiracy through direct evidence, circumstantial evidence, or both. Direct evidence is explicit and requires no inferences to establish the existence of the alleged conspiracy.

19

United States District Court
Northern District of California

1    Direct evidence of an agreement or conspiracy may not be available, and therefore a

2  conspiracy also may be shown through circumstantial evidence.  You may infer the existence of a

3  conspiracy from the circumstances, including what you find the alleged members actually did and

4  the words they used.  Mere similarity of conduct among various persons, however, or the fact that

5  they may have associated with one another and may have met or assembled together, does not by

6  itself establish the existence of a conspiracy.  If they acted similarly but independently of one

7  another, without any agreement among them, then there would not be a conspiracy.

8    In determining whether an agreement or understanding between two or more persons has

9  been proved, you must view the evidence as a whole and not piecemeal.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 19

## AN AGREEMENT OR CONSPIRACY – PARALLEL CONDUCT

ISL contends that World Aquatics and its member federations engaged in conduct that, when considered with other evidence, is sufficient to show an agreement or conspiracy existed.

Mere similarity of conduct among various parties, however, or the fact that they may have associated with one another and may have met or assembled together, does not by itself establish the existence of a conspiracy among defendants. Their behavior may be no more than the result of the exercise of independent judgment in response to identical or similar market conditions. For example, everyone might open their umbrellas on a rainy day, but that similar behavior would not necessarily mean that they had agreed or conspired to open their umbrellas. A business may lawfully adopt the same prices, conditions of sale, or other practices, as its competitors as long as it does so independently and not as part of an agreement or understanding with one or more of its competitors. If defendants acted similarly but independently of one another, without any agreement or understanding between two or more of them, then there would not be a conspiracy.

You must decide whether World Aquatics and any of its member federations' similar conduct was, more probably than not, the result of an agreement or understanding among them. In doing so, you may consider World Aquatics' and its member federations' similar conduct along with other evidence. You may infer that a conspiracy existed only if you find that the evidence, when viewed as a whole, makes it more likely that World Aquatics had an agreement or understanding with any of its member federations than that they acted independently of one another. In making this determination, you should consider the similar conduct against the entire background in which it took place. The evidence, when viewed all together, must satisfy you that it is more likely that World Aquatics and any of its member federations' actions were the product of an agreement or understanding with one another than their own independent decisions.

If after considering all of the evidence, you conclude that ISL has shown that it was more likely than not that World Aquatics and its member federations' similar conduct was the result of an agreement or understanding among them than their independent decisions, you must find for

ISL on the question of whether World Aquatics participated in a conspiracy. If, after considering all of the evidence, you conclude that ISL failed to prove that World Aquatics' similar conduct was more likely than not the result of an agreement or understanding with one or more of the other member federations, then you must find against ISL and in favor of World Aquatics on the question of whether World Aquatics participated in a conspiracy.

1

**JURY INSTRUCTION NO. 20**

2

**UNREASONABLE RESTRAINT OF TRADE – PER SE VS. RULE OF REASON**

3

4        If you find a conspiracy existed between World Aquatics and one or more of its member

5   federations to boycott ISL swimming events, you must next consider whether the conspiracy

6   unreasonably restrained trade.  There are two ways for ISL to prove World Aquatics' actions

7   unreasonably restrained trade under Section 1 of the Sherman Act.

8        First, ISL may show that World Aquatics' actions constituted a "per se" violation of the

9   Sherman Act.

10       Second, ISL may show that World Aquatics' actions violated the "rule of reason."

11       I will describe each separately.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

United States District Court
Northern District of California

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 21**

**UNREASONABLE RESTRAINT OF TRADE – PER SE – ELEMENTS**

To prove World Aquatics' conduct constituted a "per se" violation of Section 1 of the Sherman Act, ISL must prove, as to World Aquatics, each of the following elements by a preponderance of the evidence:

(1) World Aquatics and one or more of its member federations refused to deal with ISL pursuant to an agreement to boycott ISL swimming events; **_and_**

(2) at least two of the parties to the agreement were direct competitors; **_and_**

(3)     (a) the agreement had no purpose other than disadvantaging ISL; **_or_**

(b) the agreement cut off ISL's access to a supply, facility, or market necessary for ISL to compete;

**_and_**

(4) ISL was injured in its business or property because of the refusal to deal.

If you find the evidence is insufficient to prove any one or more of these elements as to World Aquatics, then you must find for World Aquatics and against ISL on ISL's *per se* theory of a Sherman Act Section 1 claim.

If you find that the evidence is sufficient to prove all four elements as to World Aquatics, then you must find for ISL and against World Aquatics on ISL's *per se* theory of a Sherman Act Section 1 claim.

1

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 22**

**UNREASONABLE RESTRAINT OF TRADE – RULE OF REASON – ELEMENTS**

ISL may also prove its Sherman Act claim based on what is called a "rule of reason" theory.

As a reminder, to establish a violation of Section 1 of the Sherman Act, ISL must prove by a preponderance of the evidence "that the contract, combination, or conspiracy unreasonably restrained trade."

Under Section 1 of the Sherman Act, a restraint of trade is illegal only if it is found to be unreasonable. You must determine, therefore, whether the restraint challenged here—the refusal to deal—is unreasonable. In making this determination, you must first determine whether ISL has proven that the challenged restraint has resulted in a substantial harm to competition in a relevant market. If you find that plaintiff has proven that the challenged restraint results in a substantial harm to competition in a relevant market, then you must consider whether the restraint produces countervailing competitive benefits. If you find that it does, then you must balance the competitive harm against the competitive benefit. The challenged restraint is illegal under Section 1 of the Sherman Act only if you find that the competitive harm substantially outweighs the competitive benefit.

I will review each step of this analysis in more detail. However, as a reminder, if you find the conspiracy unreasonably restrained trade in violation of the rule of reason, you must still find the third element: that the restraint caused ISL to suffer an injury to its business or property.

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 23

## UNREASONABLE RESTRAINT OF TRADE – RULE OF REASON – PROOF OF COMPETITIVE HARM

As I mentioned, to prove that the challenged restraint is unreasonable under the rule of reason, ISL first must demonstrate that the restraint has resulted in a substantial harm to competition.  Although it may be relevant to the inquiry, harm that occurs merely to the individual business of ISL is not sufficient, by itself, to demonstrate harm to competition generally.  That is, harm to a single competitor or group of competitors does not necessarily mean that there has been harm to competition.

A harmful effect on competition, or competitive harm, refers to a reduction in competition that results in the loss of some of the benefits of competition, such as lower prices, increased output, or higher product quality.  If the challenged conduct has not resulted in higher prices, decreased output, lower quality, or the loss of some other competitive benefit, then there has been no competitive harm, and you should find that the challenged conduct was not unreasonable.

In determining whether the challenged restraint has produced competitive harm, you may look at the following factors:

- the effect of the restraint on prices, output, product quality, and service; and
- the purpose and nature of the restraint.

A harmful effect on competition, or competitive harm, may require more than a temporary decline in the number of competitors, quality, or efficiency.  And an isolated act of retaliation against a single competitor, without proof of harm to competition more generally, is not enough to show competitive harm.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 24

### UNREASONABLE RESTRAINT OF TRADE – RULE OF REASON – EVIDENCE OF COMPETITIVE BENEFITS

If you find that ISL has proven that the challenged restraint resulted in substantial harm to competition, then you next must determine whether the restraint also benefits competition in other ways.  If you find that the challenged restraint does result in competitive benefits, then you also must consider whether the restraint was reasonably necessary to achieve the benefits.  If ISL proves that the same benefits could have been readily achieved by other, reasonably available alternative means that create substantially less harm to competition, then they cannot be used to justify the restraint.

**JURY INSTRUCTION NO. 25**

**UNREASONABLE RESTRAINT OF TRADE – RULE OF REASON – BALANCING THE**

**COMPETITIVE EFFECTS**

If you find that the challenged restraint was reasonably necessary to achieve competitive benefits, then you must balance those competitive benefits against the competitive harm resulting from the same restraint.

If the competitive harm substantially outweighs the competitive benefits, then the challenged restraint is unreasonable.  If the competitive harm does not substantially outweigh the competitive benefits, then the challenged restraint is not unreasonable.  In conducting this analysis, you must consider the benefits and harm to competition and consumers, not just to a single competitor or group of competitors.  ISL bears the burden of proving that the anticompetitive effect of the conduct substantially outweighs its benefits.

1
2

**JURY INSTRUCTION NO. 26**

**INJURY TO BUSINESS OR PROPERTY**

3

4        Finally, to prove its Sherman Act Section 1 claim, ISL must also establish that the injury it

5  claims to have suffered was an injury to its business or property.  The term "business" includes

6  any commercial interest or venture.  ISL has been injured in its business if you find that it has

7  suffered injury to any of its commercial interests or enterprises as a result of World Aquatics'

8  alleged antitrust violation.  The term property includes anything of value ISL owns, possesses, or

9  in which ISL has a protectable legal interest.

10        ISL has been injured in its property if you find that it has lost money as a result of World

11  Aquatics' alleged antitrust violation.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

29

1
2
3

**JURY INSTRUCTION NO. 27**

**CAUSATION AND ANTITRUST INJURY – ELEMENTS**

4          If you find that World Aquatics has violated Section 1 of the Sherman Act, then you must

5    decide if ISL is entitled to recover damages from World Aquatics.

6          ISL is entitled to recover damages for an injury to its business or property if it can establish

7    three elements of injury and causation:

8          1.   ISL was in fact injured as a result of World Aquatics' alleged violation of the

9               antitrust laws;

10         2.   World Aquatics' alleged illegal conduct was a material cause of ISL's injury; ___**and**___

11         3.   ISL's injury is an injury of the type that the antitrust laws were intended to prevent.

12         If ISL can establish by a preponderance of the evidence that it was in fact injured by World

13   Aquatics' conduct, that World Aquatics' conduct was a material cause of ISL's injury, and that

14   ISL's injury was the type that the antitrust laws were intended to prevent, then ISL is entitled to

15   recover damages for the injury to its business or property.

16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 28**

**CAUSATION AND ANTITRUST INJURY – INJURY IN FACT**

The first element is sometimes referred to as "injury in fact" or "fact of damage." For ISL to establish that it is entitled to recover damages, it must prove that it was injured as a result of World Aquatics' alleged violation of the antitrust laws.

Proving the fact of damage does not require ISL to prove the dollar value of its injury. It requires only that ISL prove that it was in fact injured by World Aquatics' alleged antitrust violation. If you find that ISL has established that it was in fact injured, you may then consider the amount of ISL's damages. It is important to understand, however, that injury and amount of damage are different concepts and that you cannot consider the amount of damage unless and until you have concluded that ISL has established that it was in fact injured.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 29**

**CAUSATION AND ANTITRUST INJURY – MATERIAL CAUSE**

The second element of the test requires ISL to show that World Aquatics' conduct was a material cause of ISL's injury.  This means that ISL must have proved that some damage occurred to it as a result of World Aquatics' alleged antitrust violation, and not some other cause.

ISL is not required to prove that World Aquatics' alleged antitrust violation was the sole cause of its injury; nor need ISL eliminate all other possible causes of injury.  It is enough if ISL has proved that the alleged antitrust violation was a material cause of its injury.

1

**JURY INSTRUCTION NO. 30**

2

**CAUSATION AND ANTITRUST INJURY – INJURY OF THE TYPE THE ANTITRUST**

3

**LAWS WERE DESIGNED TO PREVENT**

4

5        Finally, for the third element, ISL must establish that its injury is the type of injury that the

6    antitrust laws were intended to prevent.  This is sometimes referred to as "antitrust injury."  If

7    ISL's injuries were caused by a reduction in competition, acts that would lead to a reduction in

8    competition, or acts that would otherwise harm consumers, then ISL's injuries are antitrust

9    injuries.  On the other hand, if ISL's injuries were caused by heightened competition, the

10   competitive process itself, or by acts that would benefit consumers, then ISL's injuries are not

11   antitrust injuries and ISL may not recover damages for those injuries under the antitrust laws.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 31**

**DAMAGES – BASIS FOR CALCULATING DAMAGES**

If you find that World Aquatics violated the antitrust laws and that this violation caused injury to ISL, then you must determine the amount of damages, if any, ISL is entitled to recover. The fact that I am giving you instructions concerning the issue of ISL's damages does not mean that I believe ISL should, or should not, prevail in this case. If you reach a verdict for World Aquatics on the issue of liability, you should not consider the issue of damages, and you may disregard the damages instruction that I am about to give.

The law provides that ISL should be fairly compensated for all damages to its business or property that were a direct result or likely consequence of the conduct that you have found to be unlawful.

Antitrust damages are only compensatory, meaning their purpose is to put an injured plaintiff as near as possible in the position in which it would have been had the alleged antitrust violation not occurred. The law does not permit you to award damages to punish a wrongdoer—what we sometimes refer to as punitive damages—or to deter particular conduct in the future. Furthermore, you are not permitted to award to ISL an amount for attorneys' fees or the costs of maintaining this lawsuit.

In determining the amount of damages ISL is entitled to recover, you should not consider World Aquatics' nonprofit status or ability to pay.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 32**

**DAMAGES – CALCULATING DAMAGES**


You are permitted to make just and reasonable estimates in calculating ISL's damages.  You are not required to calculate damages with mathematical certainty or precision.  However, the amount of damages must have a reasonable basis in the evidence and must be based on reasonable, non-speculative assumptions and estimates.  Damages may not be based on guesswork or speculation.  ISL must prove the reasonableness of each of the assumptions upon which the damages calculation is based.

If you find that ISL has provided a reasonable basis for determining damages, then you may award damages based on a just and reasonable estimate supported by the evidence.

If you find that ISL has failed to carry its burden of providing a reasonable basis for determining damages, then you may not award damages or you may award nominal damages, not to exceed one dollar.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 33

## DAMAGES – CAUSATION AND DISAGGREGATION

If you find that World Aquatics violated the antitrust laws and that ISL was injured by that violation, ISL is entitled to recover for such injury that was the direct result or likely consequence of the unlawful acts of World Aquatics.  ISL bears the burden of showing that its injuries were caused by World Aquatics' antitrust violation, as opposed to any other factors.  If you find that ISL's alleged injuries were caused in part by World Aquatics' alleged antitrust violation and in part by other factors, then you may award damages only for that portion of ISL's alleged injuries that was caused by World Aquatics' alleged antitrust violation.

ISL claims that it suffered injury because it lost sales and profits as a result of World Aquatics' alleged antitrust violation.  World Aquatics claims that any profits or sales lost by ISL occurred as a result of other factors that have nothing to do with the alleged antitrust violation.  These include ISL's own financial management practices and its ability to generate revenue or profits from its own professional swimming competitions.

ISL is not entitled to recover for lost profits that resulted solely from these or other causes arising from the normal course of business activity.  The presence of these factors does not mean ISL did not suffer antitrust injury, but ISL is not entitled to recovery for damages caused by them.  ISL only may recover for damages caused by the alleged antitrust violation.

ISL bears the burden of proving damages by a preponderance of the evidence, including apportioning damages between lawful and unlawful causes.  If you find that ISL was injured by World Aquatics' alleged antitrust violation, and there is a reasonable basis to apportion ISL's alleged injury between lawful and unlawful causes, then you may award damages.

If you find that ISL's alleged injuries were caused by factors other than World Aquatics' alleged antitrust violation, then you must return a verdict for World Aquatics.  If you find that there is no reasonable basis to apportion ISL's alleged injury between lawful and unlawful causes, or that apportionment can only be accomplished through speculation or guesswork, then you may not award any damages at all.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 34**

**DAMAGES – LOST PROFITS**

ISL claims that it was harmed because it lost profits as a result of World Aquatics' alleged antitrust violation.  If you find that World Aquatics committed an antitrust violation and that this violation caused injury to ISL, you now must calculate the profits, if any, that ISL lost as a result of World Aquatics' antitrust violation.  To calculate lost profits, you must calculate net profit: the amount by which ISL's gross revenues would have exceeded all of the costs and expenses that would have been necessary to produce those revenues.

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 35**

**DAMAGES – JOINT CONSPIRATOR LIABILITY**

Each participant in a conspiracy that violates the antitrust laws is jointly and severally liable for all of the damages resulting from the conspiracy.  This means that each conspirator is fully liable for all of the damages caused by the conspiracy and not solely for damages caused by an individual conspirator.  One who knowingly joins an ongoing conspiracy is liable for the previous acts of the other conspirators in furtherance of the conspiracy.

If you find that ISL has proven the existence of the alleged conspiracy, that World Aquatics participated in the conspiracy, and that ISL is entitled to recover damages based on the other instructions in this case, then World Aquatics would be liable for all damages caused by the conspiracy.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 36
### DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 37

## CONSIDERATION OF THE EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or

40

investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 38

### COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 39
### RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.